**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                                  :
JOE ORR,                                          :
                                                  :          Civil Action
             Plaintiff,               :          10-5820 (FSH)
                                                  :
             v.                       :          **O P I N I O N**
                                                  :
JUDGE HAMMATON et al.,                            :
                                                  :
             Defendants.              :
_____:


      Plaintiff seeks to bring this 42 U.S.C. § 1983 action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Plaintiff submitted his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998). Plaintiff submitted for filing his civil Complaint, which named the following parties as Defendants in this action: Douglas T. Kabak, who is, allegedly, the public defender representing Plaintiff in his criminal prosecution, and "Judge Hammaton,"[1] who – according to the Complaint – is the state judge presiding over Plaintiff's currently ongoing proceedings.[2]

---

    [1] This Court notes its lack of information as to "Judge Hammaton." However, for the purposes of the analyses at hand, the Court presumes that "Judge Hammaton" actually exists and presides over Plaintiff's prosecution.

    [2] It is unclear whether Plaintiff's state proceedings are a criminal prosecution or proceedings related to Plaintiff's civil

Plaintiff's Complaint asserts that Defendant Kabak is violating Plaintiff's rights by: (a) submitting certain documents that do not bear Plaintiff's signature; (b) telling Plaintiff that "he's not going nowhere."[3]  See Docket Entry No. 1, at 4. Plaintiff further maintains that his rights were "Judge Hammaton" as a result of Judge Hammaton's "dismiss[al of Plaintiff's] case."[4]

For the reasons detailed below, Plaintiff's challenges will be dismissed with prejudice.

I. **STANDARD OF REVIEW**

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89 (2007); Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  Indeed, it is

---

commitment of the grounds of his metal incapacity.  See Docket Entry No. 1, at 3, indicating that Plaintiff is presently housed at the Ann Klein Forensic Center, which is a psychiatric hospital dedicated to treatment of patients with mental illness.

[3]  The Court is not entirely clear as to the meaning of this phrase, but it appears that this alleged statement was made by Defendant Kabak in connection with his representation of Plaintiff's interests in Plaintiff's criminal matter.

[4] The Court is not entirely clear as to how that action by "Judge Hammaton" could have violated Plaintiff's rights since it appears to this Court that Plaintiff might have an interest in having his criminal charges (or his civil commitment) dismissed. However, this aspect of Plaintiff's allegations is not dispositive for the purposes of the Court's analysis, and hence the Court presumes that Plaintiff perceives such dismissal as an unfavorable development.

long established that a court should "accept as true all of the [factual] allegations in the  complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  However, while a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  <u>See</u> <u>id</u>.

    Addressing the clarifications as to the litigant's pleading requirement stated in the United States Supreme Court in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), the Court of Appeals for the Third Circuit provided the courts in this Circuit with detailed and careful guidance as to what kind of allegations qualify as pleadings sufficient to pass muster under the Rule 8 standard.  <u>See</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 230-34 (3d Cir. 2008).  Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' [by stating] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ."  <u>Twombly</u>, 127 S. Ct. at 1964-65 . . . Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  <u>Id.</u> at 1965 n.3. . . . "[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'"  <u>Id.</u> at 1966.  [Hence] "factual allegations

Page -3-

>     must be enough to raise a right to relief above the
>     speculative level." Id. at 1965 & n.3. . . . [Indeed,
>     it is not] sufficient to allege mere elements of a
>     cause of action; instead "a complaint must allege
>     facts suggestive of the proscribed conduct." Id.

Id. at 230-34 (original brackets removed).

This pleading standard was further refined by the United States Supreme Court in its recent decision Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009):

> [In any civil action, t]he pleading standard . . .
> demands more than an unadorned ["]the-defendant-
> unlawfully-harmed-me["] accusation. [Twombly, 550
> U.S.] at 555 . . . . A pleading that offers "labels
> and conclusions" or "a formulaic recitation of the
> elements of a cause of action will not do." [Id.] at
> 555. Nor does a complaint suffice if it tenders
> "naked assertion[s]" devoid of "further factual
> enhancement." Id. at 557. . . . A claim has facial
> plausibility [only] when the plaintiff pleads factual
> content . . . . Id. at 556. [Moreover,] the
> plausibility standard . . . asks for more than a sheer
> possibility that a defendant has acted unlawfully.
> Id. [Indeed, even w]here a complaint pleads facts that
> are "merely consistent with" a defendant's liability,
> [the so-alleging complaint still] "stops short of
> [showing] plausibility of 'entitlement to relief.'"
> Id. at 557 (brackets omitted). [A fortiori,] the tenet
> that a court must accept as true all of the
> allegations contained in a complaint is inapplicable
> to legal conclusions [or to t]hreadbare recitals of
> the elements of a cause of action, supported by mere
> conclusory statements [,i.e., by] legal conclusion[s]
> couched as a factual allegation [e.g.,] the
> plaintiffs' assertion of an unlawful agreement [or]
> that [defendants] adopted a policy "'because of,' not
> merely 'in spite of,' its adverse effects upon an
> identifiable group." . . . . [W]e do not reject these
> bald allegations on the ground that they are
> unrealistic or nonsensical. . . . It is the
> conclusory nature of [these] allegations, rather than
> their extravagantly fanciful nature, that disentitles
> them to the presumption of truth. . . . [Finally,] the
> question [of sufficiency of] pleadings does not turn .

> . . the discovery process.  <u>Twombly</u>, 550 U.S.] at 559
> . . . . [The plaintiff] is not entitled to discovery
> [where the complaint alleges any of the elements]
> "generally," [<u>i.e.</u>, as] a conclusory allegation
> [since] Rule 8 does not [allow] pleading the bare
> elements of [the] cause of action [and] affix[ing] the
> label "general allegation" [in hope to develop facts
> through discovery].

<u>Iqbal</u>, 129 S. Ct. at 1949-54.

## II. <u>SECTION 1983 ACTIONS</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## III. <u>DISCUSSION</u>

### A.  **Claims Against "Judge Hammaton"**

Plaintiff's damage claim against "Judge Hammaton" fails

because the Judge is absolutely immune from suit under 42 U.S.C. § 1983. "[J]udges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting Stump v. Sparkman, 435 U.S. 349, 355-6 (1978)). Because the alleged wrongdoing by "Judge Hammaton" consists of judicial acts which are absolutely protected from suit for damages under § 1983, all federal claims against "Judge Hammaton" are subject to dismissal on the grounds of judicial immunity.

**B. Claims Against Public Defender Kabak**

As noted supra, to recover against a defendant under 42 U.S.C. § 1983, a plaintiff must establish that the defendant acted under "color of [state] law" to deprive him of a right secured by the federal Constitution or laws. See Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). Section 1983 does not create substantive rights; rather, it provides an avenue of recovery for the deprivation of established federal constitutional and statutory rights. See Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996); Groman, 47 F.3d at 633. "The color of state law . . . is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." Id. at 638. The color of state law element in a section 1983 action requires that "the conduct allegedly causing the deprivation of [the plaintiff's

rights] be fairly attributable to the State." Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982). For the conduct to be "fairly attributable" to the State: (1) the deprivation must be caused by (a) the exercise of some right or privilege created by the State or (b) by a rule of conduct imposed by it or by a person for whom the State is responsible, and (2) the defendant must be a person who may fairly be said to be a state actor, either because the person (a) is a state official, (b) acted together with or has obtained significant aid from state officials, or (c) performed conduct otherwise chargeable to the State. See id. at 936-39.

It is well-settled that neither a privately retained counsel nor a court-appointed public defender who performs a lawyer's traditional function as counsel to a defendant in a criminal proceeding could be deemed as acting under color of law. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Whether court-appointed or privately retained, a defense attorney represents only her client and not the state. See Johnson v. Kafrissen, 1995 U.S. Dist. LEXIS 8072, at *2 (E.D. Pa. June 5, 1995). Therefore, Plaintiff's claims against Defendant Kabak are subject to dismissal for failure to meet the color of law requirement.

**C.   Claims Seeking Bar of Criminal Prosecution**

Finally, the Court notes Plaintiff's claim not associated with any particular defendant, that is, his claim seeking bar of his

currently ongoing state proceedings.[5]  See Docket Entry No. 1, at 6. With regard to this claim, the Court will abstain since this claim invites this Court to intervene in an ongoing state action and, hence, runs afoul of the doctrine articulated in <u>Younger v. Harris</u>, 401 U.S. 37, 41 (1971), and inspired by basic considerations of comity that are fundamental to our federal system of government. <u>See</u> <u>Kendall v. Russell</u>, 572 F.3d 126, 130, 52 V.I. 1021 (3d Cir. 2009) ("<u>Younger</u> abstention is a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding").

The United States Court of Appeals for the Third Circuit has observed:

> "A federal district court has discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding." <u>Addiction Specialists, Inc. v. Twp. of Hampton</u>, 411 F.3d 399, 408 (3d Cir.2005) (citing <u>Younger v. Harris</u>, 401 U.S. 37 . . . ). As noted earlier, the <u>Younger</u> doctrine allows a district court to abstain, but that discretion can properly be exercised only when (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. [<u>See</u>]

---

[5] Since Plaintiff's Complaint asserts that "Judge Hammaton" dismissed the charges against Plaintiff (or the State's application to civilly commit Plaintiff), the Court is not entirely clear as to which proceedings Plaintiff seeks to bar. However, for the purposes of this claim, the Court presumes that criminal charges against Plaintiff are still pending and/or his civil commitment is still being pursued by the State.

>Matusow v. Trans-County Title Agency, LLC, 545 F.3d 241, 248 (3d Cir.2008).

Kendall, 572 F.3d at 131.

Here, Plaintiff's Complaint suggests that all legal prerequisites for Younger abstention are present. First, it appears that there is a currently ongoing state proceeding with regard to Plaintiff. Second, it is also apparent that those proceedings afford Plaintiff a full and fair opportunity to litigate these constitutional issues in the first instance in his pending state case. Finally, it is clear that this state proceeding implicates important state interests, since a prosecution of criminal offenses (or civil commitment of individuals) involves enforcement of state laws related to protection of the general public and to care for incapacitated.

## IV.  **CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint will be dismissed. No leave to amend will be granted, since Plaintiff's challenges unambiguously indicate that the shortcomings of his Complaint cannot be cured by amendment (since the fact of judicial immunity, or a public defender's status as a person not acting under color of law, or the considerations of the Younger doctrine do not depend of the factual allegations articulated in the Complaint).

In light of the Court's uncertainty as to Plaintiff's status as a prisoner or as a civilly committed individual, the Court will

presume the latter scenario and, hence, will grant Plaintiff <u>in forma pauperis</u> status without assessment of the applicable filing fee.

    An appropriate Order accompanies this Opinion.


                                    <u>s/Faith S. Hochberg</u>
                                    **Faith S. Hochberg**
                                    **United States District Judge**

Dated:  January 4, 2011